### KLOTS v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 24, 1905.)

No. 220.

1. CUSTOMS DUTIES—CLASSIFICATION—SILK ON TUBES—"ADVANCE IN MANUFACTURE."

In construing the provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 660, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688], for "silk, raw, or as reeled from the cocoon, but not * * * advanced in manufacture in any way," held: (1) That the provision does not cover any form of raw silk advanced beyond the condition of skeins; (2) that silk known as "singles" or "silk on tubes," which has been wound from the skeins onto tubes, the effect of this process being to advance the silk a stage in preparation for its ultimate use, has been "advanced in manufacture"; and (3) that silk in this form is not free of duty under this provision, but dutiable under paragraph 384 (section 1, Schedule L, of said act, 30 Stat. 185 [U. S. Comp. St. 1901, p. 1668]), as "silk * * * not further advanced or manufactured than carded or combed silk."

2. SAME—TARIFF PROVISIONS—PROSPECTIVE EFFECT.

The provisions in a tariff act are designed for the future as well as for the present, and cover all importations which the definitions fit.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decisions below, see 133 Fed. 808, and G. A. 5,432, T. D. 25,790, where the Circuit Court reversed the decision of the Board of United States General Appraisers, which had reversed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Henry D. Klots. The merchandise consisted of raw silk in the same physical condition as reeled into skeins from the cocoon, but re-reeled or wound from the skeins onto cops or tubes. It was classified as dutiable under the provision in paragraph 384, Schedule L, § 1, Tariff Act July 24, 1897, c. 11, 30 Stat. 185 [U. S. Comp. St. 1901, p. 1668], reading as follows: "Silk partially manufactured from cocoons * * * and not further advanced than carded or combed silk." The importer (appellant) contends that it should have been classified free of duty under paragraph 660, § 2, Free List, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688], the pertinent portion of which is as follows: "Silk, raw, or as reeled from the cocoon, but not doubled, twisted, or advanced in manufacture in any way."

Gould & Wilkie and Albert Comstock, for appellant.

D. Frank Lloyd, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. Any opinion which we could write in this case would be merely a repetition of the opinion of Mr. Appraiser De Fries and that of Judge Hazel to the same effect in the court below. We think the importations in controversy are not, as claimed by the importer, exempt from duty as "silk, raw, or as reeled from the cocoon, but not doubled, twisted, or advanced in manufacture in any way," within the definition of paragraph 660 of the free list of the tariff act of July 24, 1897, c. 11, § 2, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688]. A brief statement of our reasons will suffice. The free list of the tariff act of 1857 contained an identical provision. At that time, and at the date of the present act, the raw silk of commerce was imported in skeins, and in no other form. It was silk (1) as drawn from the cocoon, consisting of a single thread, composed of several of the gummy filaments spun by the worm and formed by the aglutination of the several filaments in passing through the reel, and (2) wound off the reel into the skein. The raw silk from Japan was re-reeled from a smaller to a larger reel, and transferred from that to the skein, and in that operation underwent to some extent a cleansing process. The thread of the re-reeled, like that of the once-reeled, silk, was neither twisted nor doubled, but consisted merely of the filaments from the cocoon, aggregated and compacted together by the gum. When imported, and before it could be used by the manufacturer, the silk in the skeins required to be subjected to the process known as "throwing," conducted by an artisan known as a "throwster," which consists of winding, twisting, doubling, and retwisting raw silk. In this process the skeins are sorted, and the single thread is wound onto bobbins or some receptacle which can be put on the spindle of the spinning mill. It is dealt in to some extent in this country in that form, and bought and sold as "singles" or "silk on tubes." The mechanism which effects the winding is technically known as the "swift." The doubling is effected by a different machine, which twists the threads together, and is called the "spinning mill." The process in each of these different steps improves the thread as it existed in the skein for manufacturing uses, and adds to its cost. We regard the winding as an advance in the manufacture of raw silk. The raw silk of the importations has been advanced to the same extent. It is true that the thread resulting does not differ in conformation, physical characteristics, or genus from the raw silk of skeins; but nevertheless it has been advanced a stage in preparation for its ultimate use, and, although it is still raw silk, it is not the raw silk of the paragraph "not advanced." Congress undoubtedly had in mind, when the provision was inserted in the tariff act, the raw silk in skeins, which was the filament as reeled from the cocoon or re-reeled as the case might be. Of course, the provision was not necessarily intended to apply only to the raw silk in skeins, as the provisions of a tariff act are designed for the future as well as for the present, and cover all importations which the definitions fit; and the words "not advanced in manufacture in any way" are appropriate to describe any form of raw silk not advanced beyond the condi-

tion of skeins. · The provision does not fit the present importations, not only because they have been advanced. beyond the condition of raw silk as known to commerce, but also because they have been advanced by a process which would have had to be bestowed upon them by the manufacturer in this country if it had not been done abroad. If it be conceded that they have not been manufactured into a new and different article having a distinctive name, they have nevertheless been advanced into an article having a new and different use, and consequently they are raw silk in an advanced state.

The decision is affirmed.